PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| RONALD DUDAS, | ) | |
| | ) | CASE NO. 1:09cv1177 |
| Petitioner, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| RICH GANSHEIMER, Warden, | ) | |
| | ) | **MEMORANDUM OF OPINION AND** |
| Respondent. | ) | **ORDER** [Regarding ECF No. 19] |

On October 1, 2010, Magistrate Judge George J. Limbert issued a Report and Recommendation (ECF No. 12) recommending Petitioner's petition (ECF No. 1) be denied. Upon receiving an extension of time to file an objection, Petitioner filed his Objection (ECF No. 19) on December 13, 2010.

### I. Legal Standard

When an objection has been made to a magistrate judge's report and recommendation, the district court standard of review is *de novo*. Fed. R. Civ. 72(b)(3). A district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to. *Id*. The district judge may: accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions. *Id*.

Accordingly, the Court has conducted a *de novo* review of the magistrate judge's Report and has considered Petitioner's arguments raised in his Objection. The Court agrees with the recommendation of the magistrate judge that Petitioner's petition be denied.

(1:09cv1177)

## II.  Background

On October 17, 2006, after two days of trial, Petitioner pleaded guilty to: four counts of intimidation; one court of retaliation; one count of engaging in a pattern of corrupt activity; one count of tampering with records; one count of forgery; one count of theft; one count of uttering; one count of securing writings by deception; and one count of telecommunications fraud.[1]  ECF No. 12 at 4.  During the plea hearing, the prosecutor stated on the record that as part of the plea bargain, he would limit his sentence recommendation to ten years in prison.  ECF No. 12 at 4.

At the sentencing hearing, the prosecutor said, "[b]ut Your Honor, he has to receive a prison sentence.  It's gotta be long, and it's gotta be at least 10 years."  ECF No. 12 at 6.  Petitioner did not object to this statement.  ECF No. 12 at 6.  The trial court judge sentenced Petitioner to thirty years in prison.[2]  ECF No. 12 at 7.  Petitioner appealed, arguing the trial court violated his right to due process when it sentenced him to a prison term based upon the State's recommendation in violation of a plea agreement.  ECF No. 12 at 8.  The Ohio Court of Appeals affirmed the conviction, based upon the fact that Petitioner's failure to object at the time the prosecutor asked for "at least 10 years" resulted in procedural default.[3]  ECF No. 12 at 9, 18.  The Ohio Supreme Court dismissed an appeal as not involving a substantial constitutional question.  ECF No. 12 at 10.  On May 21, 2009, Petitioner filed the instant petition for a writ of habeas

---

[1] Petitioner pleaded guilty to two cases pending against him— a murder conspiracy case, in which the trial had begun, and a case involving fraudulent loans.  ECF No. 12 at 4.

[2] The maximum sentence Petitioner could have received was 54.5 years.  ECF No. 6 at 17.

[3] The appellate court proceeded to conduct a plain error analysis.  ECF No. 12 at 18.

2

(1:09cv1177)

corpus pursuant to 28 U.S.C. § 2254.  ECF No. 12 at 10.

### III.  Analysis

Petitioner objects to the magistrate judge's Report and Recommendation finding that Petitioner procedurally defaulted on his claim by failing to contemporaneously object or show cause and prejudice.  ECF No. 19 at 3.  Specifically, Petitioner asserts that fundamental fairness requires the State to abide by the terms of the plea agreement, citing *Unites States v. Barnes*, 278 F.3d 644, 648 (6th Cir. 2002) and *Santobello v. New York*, 404 U.S. 257 (1971).  ECF No. 19 at 3.  Petitioner argues that *Barnes* does not require a defendant to object when the prosecutor does not adhere to the plea agreement, and, therefore, Petitioner's failure to object did not result in procedural default.  ECF No. 19 at 4.  Petitioner further contends that, like *Barnes* and *Santobello*, the State appellate court should have found plain error without considering whether Petitioner was prejudiced.  ECF No. 19 at 4-5.

As an initial matter, the Court notes that Petitioner's arguments do not reference the standard of review the Court must adhere to when analyzing a writ of habeas corpus.  Pursuant to the Antiterrorism and Effective Death Penalty Act ("AEDPA"), the Court may not grant a writ of habeas corpus unless the adjudication of the claim in State court resulted in a decision that was contrary to clearly established Federal law as determined by Supreme Court holdings.[4]  28 U.S.C. § 2254(d).  "Contrary to" means a "[S]tate court arrives at a conclusion opposite to that reached

---

[4] The Sixth Circuit further recommends that only the holdings, rather than dicta, of the Supreme Court may be considered, and decisions of lower Federal courts may not be considered. *Bailey v. Mitchell*, 271 F.3d 652, 655 (6th Cir. 2001) (citing *Williams v. Taylor*, 529 U.S. 362, 412 (2000)).

3

(1:09cv1177)

by [the Supreme Court] on a question of law or if the [S]tate court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000).

Petitioner asserts that the State appellate court misapplied the law established in *Santobello*, a United States Supreme Court decision.  ECF No. 19 at 4.  Thus, the Court must only consider whether the appellate court's conclusion was opposite *Santobello* on a question of law, or if the appellate court decided the instant case differently and the facts in the instant case are materially indistinguishable from *Santobello*.[5]  See *Taylor*, 529 U.S. at 412-13.  Petitioner does not contend that the appellate court's conclusion was opposite *Santobello* on a question of law.  Rather, Petitioner, after noting the distinguishing fact that the defendant in *Santobello* objected on the record, claims that *Santobello* was "misapplied" by the State appellate court. ECF No. 19 at 4.  Petitioner asserts the State appellate court and the magistrate judge failed to address the "fundamental fairness" of the alleged breach of plea agreement, "opting instead to focus on waiver and whether or not [Petitioner] was prejudiced by the breach." ECF No. 19 at 5-6.  Petitioner argues that, pursuant to *Barnes* and *Santobello*, Petitioner need not show prejudice— breach of the plea agreement constituted plain error.[6]  ECF No. 19 at 4.

---

[5] In *Santobello*, a defendant objected to the prosecutor's breach of a plea agreement at the sentencing hearing. 404 U.S. at 259.  On appeal, *Santobello* remanded the case to State court for further consideration, stating that they need not consider whether the breach prejudiced the defendant. *Id*. at 262.

[6] In *Barnes*, a defendant failed to object to the prosecutor's breach of a plea agreement. 278 F.3d at 646.  On appeal, the Sixth Circuit held that a breach of the plea agreement constituted plain error and that the defendant need not show prejudice. *Id*. at 648-9.

4

(1:09cv1177)

The phrase "fundamental fairness" does not appear in *Santobello*.[7] Rather, it was the Sixth Circuit, in *U.S. v. Barnes*, that found that the government's breach of a plea agreement "amounted to reversible error under a plain error standard of review, inasmuch as the breach violated Defendant's constitutional rights such that the fundamental fairness and integrity of the judicial proceeding were compromised." 278 F.3d 444, 648 (6th Cir. 2002). Petitioner relies heavily upon *Barnes* in his Objection, but, as noted above, *Barnes*, a Federal appellate court decision, is not controlling legal precedent for the purposes of habeas review pursuant to the AEDPA.[8] Furthermore, as Petitioner notes himself, the instant case and *Santobello* have materially distinguishable facts, *i.e.* the objection to the alleged breach, such that the State appellate court cannot be said to have reached a decision contrary to clearly established Supreme Court precedent. See *Taylor*, 529 U.S. at 412-13. Petitioner does not argue that the State appellate court "unreasonably refuse[d] to extend that principle (in *Santobello*) to a new context where it should apply[;]" namely, where a defendant does not object when the prosecutor allegedly breaches the plea agreement. See *Bailey*, 271 F.3d at 656.

"Ohio's contemporaneous objection rule is an independent and adequate ground to foreclose relief absent a showing of cause and prejudice." *White v. Mitchell*, 431 F.3d 517, 525

---

[7] Furthermore, the Supreme Court has subsequently stated that "[a] plea breach does not 'necessarily render a criminal trial fundamentally unfair or an unreliable vehicle for determining guilt or innocence.'" *Puckett v. U.S.*, 556 U.S. 129, 141 (2009) (quoting *Neder v. U.S.*, 527 U.S. 1, 9 (1999).

[8] The State appellate court mentioned *Barnes* but relied upon *Teeple*, finding it more persuasive. *State v. Dudas*, 2007 WL 4376169, at *9 (Ohio Ct. App. Dec. 14, 2007). In *Teeple*, the Sixth Circuit, in an unpublished opinion, determined that the defendant's failure to object resulted in a waiver. 15 Fed. Appx. 323,, 324 (6th Cir. 2001).

(1:09cv1177)

(6th Cir. 2005); *see also* *U.S. v. Vonn*, 535 U.S. 55, 73 (2002) (without a contemporaneous objection, "a defendant could simply relax and wait to see if the sentence later struck him as satisfactory . . . the value of finality requires defense counsel to be on his toes"); *Puckett*, 556 U.S. at 143 (when defendant fails to object to government's breach of plea agreement, "[a]pplication of plain-error review [including a show of prejudice] in the present context is consistent with our cases, serves worthy purposes, has meaningful effects, and is in any event compelled by the Federal Rules.").[9]

Based upon the foregoing analysis, it cannot be said that the State appellate court applied or failed to apply clearly established Supreme Court precedent in a manner that was objectively unreasonable. The magistrate judge's Report and Recommendation is thorough and reaches a correct result.

### IV. Conclusion

For the reasons stated above, the Court adopts Magistrate Judge Limbert's Report and Recommendation. ECF No. 12. Petitioner's Objection is overruled. Accordingly, the petition is denied.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of

---

[9] The *Puckett* court noted, "[w]e need not confront today the question whether *Santobello*'s automatic-reversal rule has survived our recent elaboration of harmless-error principles in such cases as *Fulminante* and *Neder*." 556 U.S. at 141 n.3.

(1:09cv1177)

appealability.  28 U.S.C. § 2253(c); Fed. R. App. Pro. 22(b).

       IT IS SO ORDERED.


| _November 27, 2012_ | _/s/ Benita Y. Pearson_ |
|---|---|
| Date | Benita Y. Pearson |
| | United States District Judge |